### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

BRADLEY EARL MARTIN,                    :
                                        :
                    Plaintiff,          :
                                        :
v.                                      :        Case No. 4:24-cv-161-CDL-AGH
                                        :
SHARON BARKMAN, *et al.*,               :
                                        :
                    Defendants.         :
_____        :

### ORDER & RECOMMENDATION

*Pro se* Plaintiff Bradley Earl Martin, a prisoner at Bullock County Correctional Facility in Union Springs, Alabama, filed a complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff requests leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). Plaintiff's motion to proceed IFP is **GRANTED**, and his complaint is ripe for preliminary review. It is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for failure to state a claim.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Since Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**. However, even if a prisoner is allowed to proceed IFP, he must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If a prisoner has sufficient assets, he must pay the filing fee in a lump sum; if a prisoner does not have sufficient assets, the Court charges an initial partial filing fee based on the assets available. Despite

this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. *Id.* § 1915(b)(4). In the event a prisoner has no assets, payment of the partial filing fee is waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. *See* Prisoner Account Certification, ECF No. 2-1. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.    Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account

2

continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.      Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody.    Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.    If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.    Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

## I.      Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a).    Courts must also screen complaints filed by a plaintiff proceeding IFP.    28 U.S.C. § 1915(e).    Both statutes apply in this case, and the standard of review is the same.    "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020).    Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon

3

which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (internal quotation marks omitted).   A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.   *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]"   *Twombly*, 550 U.S. at 555.   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the

4

Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g., Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights).

## II.    Plaintiff's Allegations

Plaintiff's claims arise from his arrest in Columbus, Georgia in July 2017. Compl. 3, 5-7, 9, ECF No. 1. Plaintiff complains that Sharon Barkman filed a false complaint with the Columbus Police Department alleging that "items were taken from her property . . . when the Plaintiff had been in said property without her authorization[.]" *Id*. at 5. Plaintiff states that Defendant Barkman's allegation "lead to Plaintiff's false arrest, false imprisonment and malicious prosecution[.]" *Id*. Plaintiff also contends that Defendant Police Officer Samra "disregarde[ed] the limits of his jurisdiction when responding to the call of Defendant Barkman" and did "cause and/or contribute to the false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress suffered by the Plaintiff[.]" *Id*.

Plaintiff complains that Defendant Detective Michael O'Keefe filed a false report "stating that the Plaintiff had admitted to everything" while knowing Plaintiff did not take a Ryobi drill and did "abuse the system of law and the Plaintiff's due process rights by[] initiating prosecution of an offense, solely for the purpose of having

Plaintiff's parole revoked[.]"  *Id.* at 6.  Plaintiff contends that Defendant Assistant District Attorney William Holcutt "abused the system of law . . . by fraudulently representing an intention to prosecute a crime, which he knew or had reason to know was the result of a false allegation and a false report . . . solely for the purpose of causing the Plaintiff's continuing incarceration through parole revocation."  *Id.*

Similarly, Plaintiff alleges that Defendant Assistant District Attorney Robert O'Melveny took actions in Plaintiff's criminal case "with the sole intent to cause the Plaintiff to remain incarcerated on parole violation[.]"  Compl. 7.  Plaintiff concludes that "[a]ll named Defendants did knowingly and willfully conspire together to keep the Plaintiff imprisoned as a result of a parole revocation, based on a false allegation and false police report" and that they had "no real intention of ever prosecuting the crime for which the Plaintiff was arrested."  *Id.*  Plaintiff avers that he is "still impri[s]oned as a result" at Bullock County Correctional Facility in Union Springs, Alabama.  *Id.* at 3.  Plaintiff seeks damages.  *Id.* at 10.

## III.  Plaintiff's § 1983 Claims are Subject to Dismissal

Plaintiff names Sharon Barkman, the property owner who reported a theft to the police department, as a Defendant.  Compl. 4-5.  However, as previously mentioned, to state a viable § 1983 claim a plaintiff must allege that a deprivation of his rights was caused by a person who was acting under color of state law.  *Hale*, 50 F.3d at 1582.  "The requirement that the deprivation be made 'under color of state law' means that the deprivation must be made by a state actor."  *Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922,

929 (1982)).    A private citizen "may be viewed as a state actor under § 1983 '[o]nly in rare circumstances.'"    *Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010) (alteration in original) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)).    The Eleventh Circuit uses three tests to determine whether a private citizen acts under color of state law for § 1983 purposes:

> (1) the public function test, which asks whether the private actors were performing functions "traditionally the exclusive prerogative of the state;" (2) the state compulsion test, which applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which applies where the state and the private party were joint participants in the common enterprise.

*Id.* (quoting *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003)).    "A private party may also be held liable under § 1983 when [she] conspires with state actors to violate the plaintiff's constitutional rights."    *Id.* Plaintiff does not allege any facts that could possibly suggest that Defendant Barkman was a state actor when she filed a complaint with the police stating that items were stolen from her property.    Consequently, Plaintiff fails to state a § 1983 claim against this Defendant.

Plaintiff also names two Assistant District Attorneys assigned to prosecute his criminal case, William Holcutt and Robert O'Melvany, as Defendants.    With respect to claims against prosecuting attorneys, the law is clear: "'in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.'"    *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).    For example, prosecutors

enjoy absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions[.]"   *Hart v. Hodges,* 587 F.3d 1288, 1295 (11th Cir.2009) (first three alterations in original) (internal quotation marks and citation omitted).   Plaintiff's claims against the Defendant Assistant District Attorneys fall squarely within the domain of prosecutorial immunity from § 1983 suits and are therefore subject to dismissal.

Furthermore, Plaintiff's complaint subject to dismissal because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).   In *Heck*, a state prisoner filed a § 1983 damages action against the prosecutors and investigator in his criminal case for their acts that resulted in his conviction.   The United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87.

Thus, whenever a plaintiff seeks damages in a civil rights action, the district court must consider if a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence" and, if so, "the complaint must be dismissed

unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. This favorable-termination requirement has been extended to probation and parole revocations. *See e.g.*, *Green v. McGill-Johnston*, 685 F. App'x 811, 812 (11th Cir. 2017); *Vickers v. Donahue*, 137 F. App'x 285, 287-90 (11th Cir. 2005) (finding *Heck* bars probationer's claim he was falsely arrested and his community control improperly revoked after Florida Department of Corrections' officer and probation officer submitted false affidavits or "factually insufficient affidavit[s]" stating that probationer violated terms of his release); *Cobb v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008) (affirming dismissal because the necessary implication of a grant of relief would be that Plaintiff's probation revocation was invalid).

Although Plaintiff contends that he has a viable § 1983 claim because his underlying charges were eventually dismissed, Plaintiff's position ignores the fact that he is currently in prison for a parole revocation based on the charges that arose from his arrest. Thus, a favorable ruling from this Court on Plaintiff's claims that he was innocent of the charges that led to his parole revocation would necessarily undermine the revocation of his parole and current sentence that he is serving in the Bullock County Correctional Facility. *See, e.g., Green*, 685 F. App'x at 812 (holding that plaintiff's "allegations, if proven true, would have necessarily implied the invalidity of his parole revocation . . . and his resulting imprisonment. Because [the plaintiff's] allegations would imply the invalidity of his confinement, the *Heck*-bar applies and [the plaintiff's] § 1983 claims must be dismissed."); *Reilly v. Herrera*, 622

F. App'x 832, 834–35 (11th Cir. 2015) (holding that *Heck* barred a § 1983 claim of conspiracy by officers to revoke the plaintiff's supervised release).

Plaintiff's claims must therefore be dismissed unless Plaintiff "can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Because Plaintiff failed to allege any facts demonstrating that his parole revocation and current sentence has been invalidated, his claims are *Heck*-barred and should be dismissed as such. *Id.* at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (noting that the Supreme Court's relevant precedent, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief) . . . —*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Plaintiff's complaint should consequently be dismissed.

## IV.   Conclusion

Therefore, as set forth in detail above, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but the Complaint does not state a claim upon which relief may be granted. Accordingly, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served

10

with a copy of this order and recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 10th day of March, 2025.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

11